# Cooley

Bobby Ghajar
+1 310 883 6404
bghajar@cooley.com

**VIA ECF**

June 21, 2017

Judge P. Kevin Castel
United States Courthouse
500 Pearl St.
Courtroom 11D
New York, NY 10007-1312

**Re:** *Spuds Ventures, LLC v. Anheuser-Busch InBev Worldwide, Inc., Anheuser-Busch, LLC, Anheuser-Busch Companies, LLC and Wieden + Kennedy, Inc.*
Case No. 1:17-cv-01877-PKC

Dear Judge Castel:

Defendants Anheuser-Busch InBev Worldwide, Inc., Anheuser-Busch, LLC, and Anheuser-Busch Companies, LLC's (collectively, "A-B") appreciate the leave[1] provided by the Court to file this letter in response to Plaintiff's pre-motion letter (Dkt. 34), submitted to the Court on June 13, 2017. We wish to clarify two issues addressed by Plaintiff in its submission.

First, A-B submits that Plaintiff's letter is misleading to the extent that it implies that a fair use defense cannot (or should not) be decided on the pleadings. Dkt. 34 at 4 (arguing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) is "controlling law" and "flatly rejected" "the exact same legal argument"). The Second Circuit in *Kelly-Brown,* however, expressly stated that fair use may be decided on a motion to dismiss "where the facts necessary to establish the defense are evident on the face of the complaint." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). Indeed, the *Kelly-Brown* court itself engaged in a fair use analysis, considering at the pleadings stage whether defendants' use of the mark "Own Your Power" was a fair use. *Id.* On a motion to dismiss, the court considered whether the subject mark was used: (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith. *Id.* (citing 15 U.S.C. § 1115(b)(4)) (finding that, at the motion to dismiss stage, the fair use elements were not met).[2] Further, multiple courts in the Second Circuit have granted motions to dismiss on fair use grounds. *See, e.g., Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 516 (S.D.N.Y. 2012)

---

[1] A-B's counsel called the Court's chambers on June 15, 2017, during which A-B was given permission to file a response to Plaintiff's pre-motion letter. This response is limited to two issues. A-B does not use this letter to respond to the many other arguments raised in Plaintiff's letter.

[2] Notably, following remand, the district court ultimately granted summary judgment in favor of defendants after finding that plaintiff's mark was not entitled to protection under the Lanham Act and, alternatively, that the phrase "Own Your Power" was a descriptive fair use **as a matter of law**. *Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 365 (S.D.N.Y. 2015), *aff'd on other grounds*, 659 F. App'x 55 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017).

(dismissing trademark infringement claim after finding the use was a fair use, applying the same standard considered in *Kelly Brown*); *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 531 (S.D.N.Y. 2013) (same).

Accordingly, Plaintiff's suggestion that A-B did not meet its obligations in citing *Kelly-Brown* is misguided.[3] A-B assumes *arguendo* for purposes of this letter that Plaintiff recited the required elements of an infringement claim. A-B submits, however, that "accept[ing] all factual allegations in the complaint as true, and drawing all reasonable inferences in favor of plaintiff," the fair use elements are met. *Kelly-Brown,* 717 F.3d at 304. As stated in our June 9th letter, A-B used the "Spuds MacKenzie" name "other than a mark" when it referred to its own copyrighted character. This satisfies the first fair use element. There can be no dispute that A-B used the "Spuds MacKenzie" name in a descriptive sense to describe its iconic Spuds MacKenzie character. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 925 F. Supp. 2d 1067, 1075 (C.D. Cal. 2012) ("the words "Betty Boop" used on goods bearing the image of the character Betty Boop self-evidently **describe** those goods, and are not referring to something else." (emphasis added)).[4] This satisfies the second fair use element. Finally, Plaintiff has not pled facts sufficient to plausibly allege that A-B used the "Spuds MacKenzie" name in knowing violation of Plaintiff's purported trademark rights[5]; to the contrary, A-B used the "Spuds MacKenzie" name in good faith and not to capitalize on Plaintiff's "good will." *Id.* ("Because Defendants are not using the ["Betty Boop"] mark as a source-identifier and in fact identify themselves as the source of the goods, they did not use the mark intending to capitalize on Plaintiff's good will."). A-B has met all three elements of fair use.

In some cases, the issue of fair use involves factual disputes unsuited for a motion to dismiss. Here, the facts – Spuds MacKenzie's genesis, his identity, the use of that name in the accused commercial, and the commercial itself – are undisputed, and Plaintiff has admitted that it will not amend its complaint to dispute these facts. Dkt. 34 at fn. 5.

Second, in attempting to bridge the chasm between its pet sanitary products and A-B's beer commercial, Plaintiff has omitted, if not mischaracterized, facts from the cited case, *Anheuser-Busch, Inc. v. VIP Products, LLC*, 4:08-cv-00358-TCM (E.D. Mo. 2008) (Dkt. 34 at 6). Plaintiff relies on the *VIP Products* case to argue that there is an "apparent inconsistency between A-B's posture in that case and media statements in this case" and that A-B "may be estopped from denying that consumer confusion is likely." Dkt. 34 at 6. Contrary to the

---

[3] *Kelly-Brown* is readily distinguishable on other grounds. For example, *Kelly-Brown* involved a tagline created by plaintiff and later adopted by the defendant as a magazine tagline, at several promotional events, and elsewhere. By contrast, the Spuds MacKenzie name was originally created by A-B, and thus there can be no allegation, as in *Kelly-Brown*, that A-B had "knowledge of [plaintiff's mark], liked it, and decided to use it as their own." *Kelly-Brown,* 717 F.3d at 313

[4] Plaintiff's letter curiously avoids the *Fleischer* case, notwithstanding the parallels here.

[5] Plaintiff's letter perpetuates a falsehood that it owns "prior rights" that include goods or services beyond the pet sanitary and supplement products listed in its lone registration. Dkt. 34 at 5. As explained in A-B's letter, this is untrue.

suggestion in Plaintiff's letter, there is no "estoppel" because the cited case involved different parties, trademarks, usages, rights, and infringement. Nor is A-B taking a position inconsistent with the position it took in a prior case, which does **not** stand for the proposition that "pet toys" and "beer" are related. It is misleading for Plaintiff to suggest that A-B argued that pet products and beer are related services for purposes of confusion. In fact, A-B challenged the defendant's use based on A-B's longstanding rights and use of the world-famous BUDWEISER® trademark on a myriad of goods and services, including pet items such as leashes and pet beds. Significantly, the defendant in *VIP Products* was selling a plush dog toy that was a ***replica*** of a BUDWEISER® bottle – it had copied the BUDWEISER label, logos, colors, and overall bottle. Given the *VIP Products* defendant's *intent* to cause confusion, it is hardly inconsistent for A-B to have sued VIP Products for what was essentially counterfeiting. By contrast, Plaintiff here asserts rights that are, at best, related to pet sanitary products and supplements, against A-B's beer advertisement. The appropriate analysis must focus on Plaintiff's rights and A-B's use *in this case*; Plaintiff cannot shortcut that analysis by referencing A-B's use and rights in another context – especially when the facts, rights, and conduct in the respective cases are incomparable.

For the reasons set out in A-B's June 9th letter and this letter, A-B continues to believe that the Court should grant leave for A-B to file a motion to dismiss Plaintiff's claims. A-B looks forward to discussing the matter with the Court.

We thank the Court for its attention to the matter.

Sincerely,

Bobby Ghajar

147093436